UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORIA SUN JUNG YUN,

                Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                Defendants.

19-CV-9267 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, invokes this Court's federal question jurisdiction, alleging that Defendants violated her federal constitutional rights. By order dated November 20, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Gloria Sun Jung Yun, who identifies as "a national of [the] Republic of Pennsylvania and citizen of the several states in the Union (federal Republic)," resides in Pennsylvania but frequently visits the City of New York. (ECF No. 2, at 2.) The complaint arises from two incidents in which New York City Police Officers stopped Plaintiff's vehicle and arrested her. The following facts are taken from the complaint, which is not a model of clarity:

On December 28, 2018, while Plaintiff was driving in New York City, Officer Michael Slinkosky pulled her over because of the "private [license] plate" on her car.[1] (*Id.* at 3.) Plaintiff

---

[1] Plaintiff appears to believe that it is unlawful for a state to require drivers to possess a state-issued license plate. (*See, e.g.*, ECF No. 2, at 7) ("[S]peeding, running stop signs, traveling

refused to provide her driver's license, registration, and proof of insurance, and Slinkosky subsequently"pulled her out of her vehicle, arrested her[,] locked her in jail for approx. 2 hours and searched the car without [a] warrant." (*Id.*) Plaintiff was released and given traffic tickets for using a cell phone while driving, unsafe lane change, and having "no distinctive plate shown." (*Id.* at 32-33.) Plaintiff disputed the tickets by writing "Do not offer to contract" across each ticket and mailing them back with an accompanying declaration. (*See id.* at 3, 30-33.) Plaintiff alleges that she never received an answer to dispute of the tickets, and that the New York DMV suspended her license for failure to pay.

On June 16, 2019, Plaintiff was again driving in New York City. Unable to find parking, she "parked the car with emergency light on indicating that Plaintiff is coming back in a few minutes [and] she gently pushed a car behind while she was parking since space was tight." (*Id.* at 3.) Detective Daer, whose car Plaintiff "gently pushed," called over Officer Walkerstoddart because Plaintiff's car had only a "private plate." (*Id.*) Officer Walkerstoddart ran Plaintiff's identification through a New York DMV database and upon discovering Plaintiff's driver's license was suspended, he "brought the criminal complaint for [m]isdemeanor charge against Plaintiff's person with no injury stated." (*Id.* at 4.) Plaintiff alleges that Officer Walkerstoddart jailed her for 7.5 hours, photographed her face, "forced" her to be fingerprinted, and transported her to the "NYC County jail." (*Id.*) Magistrate Judge Moses H. Jacobs, named here as a defendant, then "forced" Plaintiff to "hire" a public defender. (*Id.*) According to public records of the New York Unified Court System, Plaintiff's criminal case is currently pending and the next appearance is scheduled for January 6, 2020. *People v. Yun*, Index No. CR-019806-19.

---

without license plates, or registration are not threats to the public safety, and thus, are not arrestable offenses.")

Much of the remainder of the complaint consists of assertions against the various Defendants interspersed with citations and excerpts from often unrelated legal authorities. For example:

> NYCDOF gave parking tickets in numerous locations when [Plaintiff] stopped by and park[ed] to pick up a coffee or water in the store and Plaintiff never cause[d] any inconvenience to the traffic flow of against public safety. NYCDOF uses the administrative proceeding according to their municipal corporation's policy and not due course of law for the private citizens of Pennsylvania Republic's law of nation (unwritten law or common law).

(*Id.* at 5.)

> Defendants are operating the Plaintiff cases in Admiralty/Maritime, quasi in rem, quasi equity, identify as Democracy under state at war using police power against the Republic nation citizen of the state in the Union and Plaintiff is presumed a U.S. citizen and are residing in the federal enclave and conduct trade and business as public office (render some kind of service to people) and requires license and treated her property in communistic manner.

(*Id.* at 6.)

> Forced attorney upon me was duress by imprisonment. Attorney can only represent corporation or U.S. citizen and not a Woman of the republic nation who can conduct herself and being the national gives that right secured by the Constitution of the United States of America.

(*Id.* at 15.)

Plaintiff frames her legal claims in the following terms:

> Plaintiff brings her own action for her injury claim and acting as private attorney general under 42 U.S.C. §§ 1983, 1985, 1986 all people similarly situated by the abuse of local and state officials acting under color of state law, policy, customs, ordinances, etc., and deprive private ind[ividuals'] life, liberty, and property secured under Constitution of the United States, shall be adjudicate[d] according to the people's right under common law and equity maxim (law and equity) of Fifth and Seventh Amendments of the substantive due process of law of the land for acts to retry over $20 commen[c]ed a su[it] in any court of the United States.

(*Id.* at 1-2) (footnote omitted).

She seeks money damages and an injunction ordering that "[a]ll existing case[s] and traffic tickets issued by the City of New York or any other states pending to be dismissed with the prejudice and suspension should be l[i]fted." (*Id.* at 23.)

## DISCUSSION

The Court liberally construes the complaint as asserting claims under 42 U.S.C. § 1983 that Defendants violated Plaintiff's federal constitutional rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A. Claims Against Slinkosky

The Court construes the complaint as asserting that Officer Slinkosky falsely arrested Plaintiff following the December 2018 traffic stop.[2] A claim for false arrest under § 1983 incorporates the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To state a false arrest claim under New York law, a plaintiff must allege that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a

---

[2] Plaintiff also refers to these incidents as false imprisonment. To the extent that Plaintiff intends to assert a claim of false imprisonment, that claim is no different than a claim for false arrest. *See Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (citing *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)).

complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

The facts alleged in the complaint indicate that Officer Slinkosky had probable cause to arrest Plaintiff. The complaint states that Officer Slinkosky pulled Plaintiff over because she was using her cell phone while driving and because she had "private" license plates on her car, both of which violate New York law. *See* N.Y. Veh. & Traf. Law §§ 1225-c(2)(a); 1128(a).[3] Officer Slinkosky arrested Plaintiff after she refused to provide her driver's license, registration, and proof of insurance. Under New York law, while it is preferable to issue a summons, an officer may arrest a driver if she is unwilling or unable to provide identification. *People v. Alston*, 805

---

[3] Plaintiff subsequently received tickets for both offenses, as well as for making an unsafe lane change in violation of N.Y. Veh. & Traf. Law § 402(1)(a). (*See* ECF No. 2, at 32-33.)

N.Y.S.2d 258, 261 (N.Y. Crim. Ct. Sept. 7, 2005) (citing *People v. Ellis*, 62 N.Y. 2d 393, 396-97 (N.Y. 1984)). Because Officer Slinkosky had probable cause to arrest Plaintiff, her false arrest claim must fail. The Court therefore dismisses Plaintiff's claims against Officer Slinkosky. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims Against Walkerstoddart and Baer**

The Court construes the complaint as asserting claims of false arrest against Officer Walkerstoddart and Detective Baer arising from the June 16, 2019 arrest. Here again, Plaintiff's complaint indicates that these Defendants had probable cause to arrest her. Officer Walkerstoddart and Detective Baer stopped Plaintiff because her car had only a "private plate" that said "private property." After running Plaintiff's information through the Department of Motor Vehicle's database, Officer Walkerstoddart discovered that Plaintiff's driver's license had been suspended and she subsequently arrested her. (ECF No. 2 at 3-4, 34-35.) Plaintiff was charged with aggravated unlicensed operation of a motor vehicle in the third degree and unlicensed driving. (*Id.* at 34.) Because the complaint indicates that Officer Walkerstoddart and Detective Baer had probable cause to stop and arrest Plaintiff, her claim of false arrest must fail. The Court therefore dismisses Plaintiff's claims against Walkerstoddart and Baer. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Claims Against Vil Alchit**

The complaint lists Vil Alchit as a New York City Police Officer but fails to plead facts indicating that Officer Alchit was directly involved in any alleged violation of Plaintiff's rights. In fact, other than including the name in a list of defendants, the complaint does not mention Officer Alchit at all. The Court therefore dismisses Plaintiff's claims against Officer Alchit. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Claims Against Cyrus Vance**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, any claims Plaintiff may be asserting against New York City District Attorney Cyrus Vance are based on actions taken within the scope of his official duties and associated with the conduct of a trial. Therefore, the Court dismisses those claims because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**E.     Claims Against Moses H. Jacobs and Barbara Newman**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d

8

47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Magistrate Judge Jacobs and Judge Newman arise from actions occurring in the course of Plaintiff's criminal case and within the scope of their judicial responsibilities. The Court therefore dismisses Plaintiff's claims against Magistrate Judge Jacobs and Judge Newman. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

F. **Claims Against the New York State Department of Motor Vehicles, New Jersey Department of Motor Vehicles, and Pennsylvania Department of Transportation**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. State departments of motor vehicles are considered arms of the state for § 1983 purposes. New York, New Jersey, and Pennsylvania have not waived their Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009);

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the New York State Department of Motor Vehicles, the New Jersey Department of Motor Vehicles, and the Pennsylvania Department of Transportation are therefore barred by the Eleventh Amendment and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

G. **Claims Against the New York City Department of Finance**

Plaintiff's claims against the New York City Department of Finance must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the New York City Department of Finance. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 19, 2019
        New York, New York

                                        COLLEEN McMAHON
                                   Chief United States District Judge